**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND, Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | |
| v. | CA 06 339 ML<br>C.A. No. |
| MODERN INDUSTRIES, INC. *Defendant*. | |

**COMPLAINT**

**Introduction**

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185, and on Sections 515 and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1145 and 1132(A)(3). Plaintiffs bring this civil action against Defendant Modern Industries, Inc. ("Modern Industries") for failing to comply with its statutory and contractual obligations to four employee benefit funds arising by virtue of Defendant's collective bargaining agreement with Carpenters Local 94 ("the Union").

**Parties and Jurisdiction**

2. The Rhode Island Carpenters Annuity Fund ("Annuity Fund"), the Rhode Island Carpenters Pension Fund ("Pension Fund"), the Rhode Island Carpenters Vacation Fund

("Vacation Fund"), and the Rhode Island Carpenters Health Fund ("Health Fund")[1] are jointly administered employee labor-management trust funds established and maintained pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and in accordance with Agreements and Declarations of Trust ("Trust Agreements").

3. Plaintiff Trustees are the trustees of the Funds and are fiduciaries of the Funds within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21) and 1132.

4. Plaintiff Donald Lavin is Co-Administrator of the Funds. The Funds are administered in Rhode Island.

5. Defendant Modern Industries is a corporation organized under the laws of the State of Rhode Island, having its principal place of business in Providence, Rhode Island. Defendant is an "employer" within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145.

6. The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined in 29 U.S.C. § 142. The Union maintains its office at 14 Jefferson Park Road, Warwick, Rhode Island.

7. This Court has jurisdiction pursuant to 29 U.S.C. §§ 1331 and 1367, and by Section 502(e)(1) and (f) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f), and by Section 301 of the LMRA, 29 U.S.C. § 185 (a).

8. Venue properly lies in this district under Section 502(e)(2) and (f) of ERISA, 29 U.S.C. § 1132(e)(2) and (f), and by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

---

[1] Collectively referred to as "the Funds"

Facts

9. The purpose of the Funds is to receive and collect required fringe benefit contributions and to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements.

10. Beginning from at least July 20, 1996 and continuing to the present, Defendant and the Union have been parties to and bound by a Collective Bargaining Agreement ("CBA") governing the rates of pay and working conditions of individual employed by Defendant.

12. Pursuant to the CBA, Defendant is also bound by a collective bargaining agreement between Local 94 and the Labor Relations Division of the Associated General Contractors of Rhode Island, Inc. ("AGC-CBA").[2]

13. Pursuant to the CBAs, Defendant is required to make contributions to the Funds by purchasing fringe benefit stamps covering the total cost of all fringe benefits owed to the Funds and delivering said stamps to employees with their payroll checks. The contributions rates are set by the CBAs.

14. Section 515 of ERISA, 29 U.S.C. § 1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of a collectively bargaining agreement to make such contributions in accordance with the terms and conditions of such plan and such agreement.

15. The Funds are each multi-employer funds as defined in Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

16. By virtue of the CBAs, Defendant is statutorily required to contribute to the Funds pursuant to Section 515 of ERISA, 29 U.S.C. § 1145.

[2] The CBA and the AGC-CBA are collectively referred to as "the CBAs."

17. Notwithstanding the aforesaid obligations, Defendant has:

(a) Failed to purchase stamps in accordance with the CBAs for the period of July 20, 1996 to the present; and

(b) Otherwise failed to comply with the terms and conditions of the Trust Agreements.

18. By the aforesaid acts and omissions, Defendant has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

(a) Award the Funds the unpaid contributions, interest on the unpaid contributions, liquidated damages, punitive damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(2); and

(b) Order such other relief as the Court deems just and proper.

Dated: July 20, 2006

Respectfully submitted,

On behalf of Plaintiffs,
By their attorney,

Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel.(401) 294-4700
Fax (401) 294-4702