**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPETERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND, Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, Plaintiffs, | * | |
| v. | * | C.A. No.: 06-339ML |
| MODERN INDUSTRIES, INC. Defendant. | * | |

**ANSWER AND COUNTERCLAIM OF DEFENDANT MODERN INDUSTRIES, INC.**

Now comes Defendant, Modern Industries, Inc. ("Defendant") and for its Answer to the Plaintiffs' Complaint responds as follows:

1. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiffs to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

2. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiffs to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

3. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiffs to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

4. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiffs to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

5. Admitted as to Modern Industries being a Rhode Island corporation with its principal place of business in Providence, Rhode Island, denied as to the remainder of Paragraph 5.

6. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiffs to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

7. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

8. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

9. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiffs to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

10. Denied.

11. Denied.

12. Denied.

13. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

14. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

15. Denied.

16.

17. Denied.

WHEREFORE, Defendant Modern Industries, Inc. demands that Plaintiffs' Complaint be dismissed with prejudice and that judgment enter for the Defendant for costs and attorneys' fees with such other relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant's' first affirmative defense is the defense of failure to state a claim upon which relief may be granted.

2. Defendant's second affirmative defense is the defense of laches.

3. Defendant's' third affirmative defense is the defense of estoppel.

4. Defendant's' fourth affirmative defense is the defense lack of subject matter jurisdiction.

## COUNTERCLAIM

1. Defendant/Counterclaim Plaintiff, Modern Industries, Inc. ("Modern Industries") is a Rhode Island corporation having a principal place of business in Providence, Rhode Island.

2. On information and belief, Plaintiff/Counterclaim Defendants, Rhode Island Carpenters Annuity Fund, Rhode Island Carpenters Pension Fund, Rhode Island Carpenters Vacation Fund, and Rhode Island Carpenters Health Fund, (the "Funds") through their Trustees, are jointly administered employee labor/management trust funds established and maintained pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the Labor Management Relations Act, 29 USC §186(c)(5) and in accordance with certain Trust Agreements.

3. Plaintiff/Counterclaim Defendant, Ronald Lavin, is the co-administrator of the Funds.

4. This Court has jurisdiction over this matter pursuant to 29 USC §§1331 and 1367.

5. The Counterclaim Defendants have commenced this litigation by filing their Complaint in this Court on or about July 20, 2006.

6. On information and belief, Counterclaim Defendants know or should know that there is no factual basis for the allegations set forth in the Complaint.

7. On information and belief, Counterclaim Defendants have conducted no audit of Modern Industries' books and records or taken any other steps to determine whether a factual basis exists for the allegations set forth in their Complaint.

8. On information and belief, Counterclaim Defendants have made no demand upon Modern Industries for payment of any amount allegedly due under any Collective Bargaining Agreement or otherwise.

9. On information and belief, Counterclaim Defendants seek to pervert the legal process to accomplish an ulterior or wrongful purpose for which such process was not designed, whereby the Counterclaim Plaintiff has been damaged.

WHEREFORE, Defendant/Counterclaim Plaintiff Modern Industries, Inc. demands that judgment enter in its favor on its Counterclaim herein, and that it be awarded actual damages in an amount to be proven at trial, together with interest thereon, costs, attorneys' fees and such other relief as may appear necessary or desirable to the Court to afford complete relief between the parties.

Defendant/Counterclaim Plaintiff
Modern Industries, Inc.
By its attorneys,

Law Offices of Thomas J. McAndrew

/s/ Thomas J. McAndrew___________

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Suite 205
Providence, RI 02903
Tel: 401.455.0350
Fax: 401.455.0882

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within pleading was sent via first class mail, postage prepaid on the 5th day of September, 2006 to the following counsel of record:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

/s/ Thomas J. McAndrew_________