**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND, Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds,
*Plaintiffs*,

v. C.A. No. 06-339ML

MODERN INDUSTRIES, INC.
*Defendant.*

**DEFENDANT'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**GENERAL OBJECTIONS**

The following objections apply to all Interrogatories. Defendant objects to Plaintiffs' Interrogatories to the extent that they seek to impose upon John/Jane Doe obligations or burdens which are greater than, or inconsistent with, Rule 33 of the applicable Rules of Civil Procedure. Defendant objects generally to Plaintiffs' Interrogatories on the grounds that they are overly broad and burdensome. Defendant has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, or for a protective order as to, all of Plaintiffs' Interrogatories. The following responses and objections are based upon information now known. Defendant has not yet completed discovery or preparation for trial in this action and, therefore, will supplement these responses and objections to the extent required

by the applicable Rules of Civil Procedure. Without waiving these objections and by way of response, Defendant provides the following responses.

## ANSWERS TO INTERROGATORIES

1. Identify the person or persons who assisted in answering these Interrogatories and all persons who were consulted in answering these Interrogatories, listing which Interrogatories each consulted or assisted in answering and what information they provided in answering any of these Interrogatories. For each of these persons, give their names and addresses.

**Answer:** Other than communications with counsel to the Defendant, as to which communications privilege is claimed, the only person providing answers to the Interrogatories or assisting is as follows: Edmund F. Capozzi, Jr., President, Modern Industries, Inc., 242 West Exchange Street, Providence, Rhode Island 02903.

2. State the names and addresses of each and every person whom you intend to call as a witness and state the substance of what each witness is expected to testify about at a trial on the merits.

**Answer:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Without waiving objection, and except as otherwise specified, all addresses of all witnesses listed below are at the company offices at 242 West Exchange Street, Providence, Rhode Island 02903. Mr. Capozzi, previously identified, will testify as may be required as to all matters concerning the dispute between the parties, including without limitation, the business of the Defendant and the history of the Defendant's business, the Defendant's activities in the construction industry, the Defendant's activities in the commercial and residential construction industries, the nature of the relationship

between the Defendant and its employees, the Defendant's business structure and activities, relationships with its customers and relationships with the Plaintiffs' Union and its representatives. He will also testify as to past practice insofar as the matters in dispute may be concerned, and as to the alleged agreements between the Union and the Defendant as to the payment of benefits, contributions, as alleged in the Complaint. Edmund Capozzi, Sr., Mr. Capozzi's father, may testify to similar matters insofar as he has personal knowledge of the history and operations of the Defendant, and the relationship between the Defendant and the Union. Employees of the Defendant who are members of the Union may testify as to their "inside construction" and "outside construction" for the Defendant Corporation, and as to the manner and amount of compensation received in each category. All documents used to assist the undersigned in answering these Interrogatories have been produced in response to document production requests.

3. Identify, by sufficient description to support a request for production of documents, any and all written records, recordings, or documents that were used to assist you in answering these Interrogatories.

**Answer:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Without waiving objection: None

4. State whether you have consulted, engaged, or otherwise obtained the assistance of any expert with respect to any of the issues in this case, and if so, as to each such expert state:

a. his or her name, home address, business address, occupation;

b. his or her educational background, including schools, colleges, universities attended, and as to each the certificate or degree thereof;

c. his or her employment history, giving the names of his or her employers, the nature of his or her employment and the dates of employment;

d. the field of his or her expertise, and a description of the license or licenses with respect thereto, including the period of his license and the names of the issuing officer or agency;

e. the name and address of each professional society or organization of which he or she is a member;

f. a description of each publication or professional writing, if any, of such expert, giving the date and place of publication;

g. the subject matter on which the expert is expected to testify, including the substance of the fact and opinions and a summary of the grounds for each opinion; and

h. a description and date of each written report prepared by each expert to include the name and address of the person having present custody or control of such report.

**Answer:** No.

5. State whether Defendant is a party to any written agreements with the New England Regional Council of Carpenters' Local 94. If so, state the terms of such agreement(s).

**Answer:** No.

6. State whether Defendant has engaged in any outside construction for the period of June 1, 1996 to the present, identifying

a. the exact dates and hours when the work was performed;

b. the names, addresses and union affiliation of any individual performing the work;

c. the exact work that was performed, i.e. what was fabricated, installed, etc.;

d. the address where the work was performed;

e. the name and address of the general contractor on each job where outside construction work was performed.

**Answer:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Defendant has engaged in outside construction since 2004 as evidenced by documents produced in response to Plaintiffs' production request. Prior to that time, the Defendant does not maintain records of work performed, whether inside or outside. Documents produced incorporate all available data concerning inside and outside construction as requested in this Interrogatory.

7. If Defendant's answer to Request for Admissions number two (2) is anything but an unqualified admission, state particularly why Defendant does not have to submit contributions to the Funds.

**Answer:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Without waiving such objection or the General Objections, Defendant responds as follows: Any obligation that Defendant might have had under any written contract was waived by agreement of the parties. When Defendant's employees performed outside construction, such employees were paid the "outside construction"

rate. It was agreed between Union officials and the Defendant that payment of the outside rate for such work to Defendant's employees would constitute full and complete compliance with all obligations under the Collective Bargaining Agreement in effect at the time, and the course of dealings between the Defendant and the Union discloses that the Union acquiesced in this practice throughout the entire term of the Collective Bargaining Agreement.

8. If Defendant's answer to Request for Admissions number four (4) is anything but an unqualified admission, please state particularly the amount of contributions Defendant submitted to the Funds for each month, when such payment was made, and how Defendant calculated the amount to be contributed to the Funds.

**Answer:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Without waiving objection, records showing contributions submitted to the Funds for each month during which contributions were submitted have been produced as part of this Defendant's response to Plaintiffs' request for documents in this matter.

9. If Defendant's answer to Request for Admissions number five (5) is anything but an unqualified admission, please state, particularly and in detail, the substance of Defendant's argument(s) to the National Labor Relations Board regarding any controversy with Local 94, describing the nature and outcome of the controversy and identifying all documents Defendant used, referred to, submitted to the NLRB or relied on in support of its arguments.

**Answer:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Defendant also objects to this

Interrogatory to the extent that it requests the Defendant to produce documents that are part of the public record or already in the possession of the Plaintiff and, therefore, are as available to the Plaintiff as to the Defendant. Without waiving any objection, Defendant responds as follows: in the referenced National Labor Relations Board action, the Defendant asserted that it was a Section 8(f) employer, not a Section 9 employer, for representational purposes only. The National Labor Relations Board agreed with the Defendant's position on this issue. Defendant objects to responding further, because all documents submitted to the National Labor Relations Board in connection with that controversy are public records and are as available to the Plaintiff as they are to the Defendant.

10. Identify any and all contracts between Defendant and any other party whereby Defendant was to perform outside construction work during the relevant period. With respect to each such contract, identify when and where the "outside construction" work was performed and the name and address of the individuals who performed the work.

**Answer:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Without waiving objection, see documents produced in response to Plaintiff's request for document production.

11. State particularly all types of work that you perform, identifying which type of work is considered "outside construction" within the meaning of the parties Collective Bargaining Agreement. For all type of work you contend is not outside construction, please state particularly and in detail why said work is not "outside construction."

**Answer:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney

client privilege and/or the attorney work product doctrine. Defendant further objects to this Interrogatory as being so vague and ambiguous as to render it incapable of being understood. Without waiving objection, Defendant states that it is engaged in the construction industry, and that the "type of work" that it performs is commercial and residential construction. When such construction meets the definition of "outside construction" as that term is used in the relevant Collective Bargaining Agreement, the employer considers it to be outside construction, subject to the agreement referenced in previous Interrogatory answers concerning the manner of payment of Modern Industries employees for outside construction work.

12. Identify any and all conversation between Defendant and Plaintiffs or Defendant and Local 94 regarding

a. Contributions owed to Plaintiffs;

b. What constitutes "outside construction," and

c. Whether Defendant was engaged in "outside construction" during the period of January 1, 2000 through the present.

**Answer:** None.

13. State the factual basis for each of your denials to the Complaint.

**Answer:** The factual allegations in the Complaint are not true.

14. State the factual basis of each of the Affirmative Defenses stated in your Answer.

**Answer:** The Plaintiffs' Complaint fails to state a claim upon which the relief requested may be granted as a matter of law, since the contributions claimed to be owed to the Funds are not owed to the funds. If Plaintiff ever had any right to collect contributions over and above those paid, such rights have been waived as a result of the extended period during which the Plaintiff failed to make any effort to collect them, during which time the Defendant

conducted its business in the good faith belief that those contributions were not due. It is manifestly unjust for the Plaintiff to seek such allegedly due contributions now, when Plaintiff has agreed for many years, by its actions and by the representations of its agents, that such contributions, if due at all, were waived.

15. State the factual basis for paragraphs six (6), seven (7), eight (8), and nine (9) of your Counterclaim against Plaintiffs.

**Answer:** The factual basis for paragraphs six (6), seven (7), eight (8) and nine (9) of the Defendant's Counterclaim are set forth in those paragraphs.

Modern Industries

By______________________________
Edmund F. Capozzi, Jr.

Subscribed and sworn to before this ____ day of January, 2007.

______________________________
Notary Public

______________________________
Printed Name

My Commission Expires: __________

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing to be mailed via first class mail this ______ day January, 2007 to Elizabeth A. Wiens, Esq., Gursky Law Associates, 420 Scrabbletown Road, Suite C, North Kingstown, RI 02852.

______________________________