**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPETERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND, Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, Plaintiffs, | | |
| v. | | C.A. No.: 06-339ML |
| MODERN INDUSTRIES, INC. Defendant. | | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION TO STRIKE OBJECTIONS AND COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Now comes the Defendant and submits this Memorandum in Support of its Objection to Plaintiffs' Motion to Strike Objections and Compel More Responsive Answers to Interrogatories. The Interrogatories, the Defendant's Answers, and the Plaintiffs' Memorandum of Law in Support of Motion to Strike Objections and Compel More Responsive Answers to Interrogatories ("Defendant's Memorandum") are attached hereto as Exhibits A, B, and C, respectively. Plaintiffs' Request for Admissions and Defendant's Responses thereto, are attached as Exhibits D and E, respectively.

As stated below, Defendant is willing to produce, for the Plaintiffs' inspection, a privilege log complying with the discovery rules. In addition, to the extent that they exist in the Defendant's custody, the Defendant will supplement its document production in this case by providing copies of time cards submitted by employees, which may assist the Plaintiff in identifying the work performed by Defendant's employees during the time covered by the time

cards. As to the balance of the Plaintiffs' argument, Defendant will not assist the Plaintiff in conducting a fishing expedition that requires the Defendant to generate information concerning its employees' past activities that it does not have available to it. As far as Defendant can determine, Plaintiff seeks to obtain contributions to union funds based on "outside work" performed by Defendant's employees over a period of years. Defendant does not keep records which distinguish between outside and other work during this time period. Defendant has made a good faith effort to give the Plaintiffs the information it seeks by providing copies of all time cards and payroll records in its possession and copies of its construction contracts, from which Plaintiff may be able to elicit the information it seeks. Defendant respectfully suggests that Rule 33 requires that it do no more.

## ARGUMENT

**1. Defendant's General Objection**

Plaintiffs' Motion to Strike Defendant's General Objection may be granted.

**2. Objections Based on Attorney Client Privilege and Attorney Work Product Doctrine**

As to Interrogatories numbers 6, 7, 8, 9, 10, and 11, Plaintiff has moved to strike objections based on attorney client privilege and the attorney work product doctrine. Defendant is agreeable to producing a privilege log as to each such Interrogatory within twenty (20) days of the hearing on this matter.

**3. Interrogatory Number Six**

State whether Defendant has engaged in any outside construction for the period of June 1, 1996 to the present, identifying (a) the exact dates and hours when the work was performed; (b) the names, addresses and union affiliation of any individual performing the work; (c) the exact work that was performed, i.e. what was fabricated, installed, etc.; (d) the address where the work

was performed; (e) the name and address of the general contractor on each job where outside construction work was performed.

Answer: Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Defendant has engaged in outside construction since 2004 as evidenced by documents produced in response to Plaintiffs' Production Request. Prior to that time, the Defendant does not maintain records of work performed, whether inside or outside. Documents produced incorporate all available data concerning inside and outside construction as requested in this Interrogatory.

The Defendant does not object to producing a privilege log identifying documents protected by the attorney client privilege or work product doctrine. As to the balance of the Interrogatory, Defendant's response is complete and Defendant is incapable of providing a further response. Defendant has produced all its construction contracts for the period during which it maintains records. They do not distinguish between *outside* work and other work. Defendant has produced all its payroll records for the period during which it maintains records. Defendant will produce time cards, which may identify some outside work performed by Defendant's employees. It may be possible for the Plaintiff to glean from data contained in those records, further information concerning the character of the work performed by those employees as *outside* work including names and addresses of contractors, etc., but Rule 33 does not require the Defendant to engage in that exercise itself.

A party must provide, by way of Answers to Interrogatories, the relevant facts readily available to it, but it should not be required to enter upon extensive independent research in order to acquire such information. *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164 (D. Del. 1973). Interrogatories do not impose upon the opposing party a duty to make inquiries and investigations. Although Interrogatories may be used in order for a party to obtain from another adverse party the information that he may have in his possession, a litigant may not compel his

adversary to go to work for him. *Segarra v. Waterman S.S. Corp*., 41 F.R.D. 245, 247 (D.P.R. 1966) (citations omitted).

To the extent that Defendant has any records that might distinguish between outside and other work, it has produced them to the Plaintiff (or will do so insofar as time cards are concerned). Defendant simply cannot provide any further answer without undertaking an exhaustive process of reviewing records, locating and interviewing former employees, and generally conducting an intensive investigation to determine what construction work was performed by what employees on what dates for what customers. Even then, it is not clear that such an exercise would produce the information Plaintiff seeks. In producing its payroll records, time cards, and contracts, Defendant has made a complete response. As stated in the Defendant's response, the documents it produced in response to Plaintiffs' Request for Production of Documents "incorporate all available data concerning inside and outside construction as requested in this Interrogatory." This form of response is specifically permitted by Rule 33 (d). [1]

**4. Interrogatories Numbers Seven and Eight**

Plaintiffs' Motion to Strike Defendant's Objection to Interrogatories Seven and Eight is based solely on the Defendant's failure to produce a privilege log. As stated above, Defendant will produce a privilege log within twenty (20) days of the hearing on this matter.

**5. Interrogatory Number Nine**

If Defendant's answer to Request for Admissions number five (5) is anything but an unqualified admission, please state, particularly and in detail, the substance of Defendant's

---

[1] Where the answer to an interrogatory may be derived or ascertained from the business records, including electronically stored information, of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts, or summaries. USCS Fed Rules Civ Proc R 33

argument(s) to the National Labor Relations Board regarding any controversy with Local 94, describing the nature and outcome of the controversy and identifying all documents Defendant used, referred to, submitted to the NLRB or relied on in support of its arguments.

Answer: Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Defendant also objects to this Interrogatory to the extent that it requests the Defendant to produce documents that are part of the public record or already in the possession of the Plaintiff and, therefore, are as available to the Plaintiff as to the Defendant. Without waiving any objection, Defendant responds as follows: In the referenced National Labor Relations Board action, the Defendant asserted that it was a Section 8(f) employer, not a Section 9 employer, for representational purposes only. The National Labor Relations Board agreed with the Defendant's position on this issue. Defendant objects to responding further, because all documents submitted to the National Labor Relations Board in connection with that controversy are public records and are as available to the Plaintiff as they are to the Defendant.

Plaintiffs' Motion to Strike Defendant's Objection to Interrogatories Seven and Eight is based partly on the Defendant's failure to produce a privilege log. As stated above, Defendant will produce a privilege log within twenty (20) days of the hearing on this matter. Other than that, Plaintiffs' Motion should be denied in its entirety as to this Interrogatory. The request for admission to which it refers requests an admission that "Defendant asserted to the National Labor Relations Board that it was engaged in "outside construction," as that term is used in section 8(f) of the National Labor Relations Act. The term "outside construction" is not used in section 8(f) of the National Labor Relations Act, which is part of the reason Defendant denied this request. Moreover, in seeking to dissect the legal theories advanced and discover the documents used by the Defendant to prosecute its case before another tribunal, which involved only issues not present here, Plaintiff is engaged in a "fishing expedition." No doubt Plaintiff hopes that some information may have been disclosed to the NLRB that might help the Plaintiff establish that it is entitled to some relief in this case. Plaintiffs may not make general allegations of wrongful behavior in a Complaint, and then seek to locate evidence via an unfocused dip into every evidentiary pool and riffle in which relevant evidence might be concealed. See *Segan v.*

*Dreyfus Corp.*, 513 F.2d 695, 696 (2d Cir. 1975), citing *Segal v. Gordon*, 467 F.2d 602, 609 (2d Cir. 1972); *Spiegler v. Wills*, 60 F.R.D. 681, 683 (S.D.N.Y. 1973).

**6. Interrogatory Number Ten**

Identify any and all contracts between Defendant and any other party whereby Defendant was to perform outside construction work during the relevant period. With respect to each such contract, identify when and where the "outside construction" work was performed and the name and address of the individuals who performed the work.

Answer: Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Without waiving objection, see documents produced in response to Plaintiffs' Request for Document Production.

As indicated above, Defendant will produce a privilege log. Defendant has produced all contracts in its possession between it and any other party whereby Defendant was to perform outside construction work for the period in which such records are kept. Defendant does not have records of the names and addresses of the individuals who performed the work. Defendant has stated that all of the information Plaintiff requests, to the extent that it exists in the form requested, is contained in those contracts. No further response is required under Rule 33.

**7. Interrogatory Number Eleven**

State particularly all types of work that you perform, identifying which type of work is considered "outside construction" within the meaning of the parties Collective Bargaining Agreement. For all type [sic] of work you contend is not outside construction, please state particularly and in detail why said work is not "outside construction."

Answer: Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Defendant further objects to this Interrogatory as being so vague and ambiguous as to render it incapable of being understood. Without waiving objection, Defendant states that it is engaged in the construction industry, and that the "type of work" that it performs is commercial and residential construction. When such construction meets the definition of "outside construction" as that term is used in the relevant

Collective Bargaining Agreement, the employer considers it to be outside construction, subject to the agreement referenced in previous Interrogatory answers concerning the manner of payment of Modern Industries employees for outside construction work.

Plaintiff objects to the lack of a privilege log: Defendant has stated that it will produce one. The work undertaken by the Defendant is disclosed in the contracts produced, and the "nature" of that work should be clear to anyone familiar with the construction industry (which the Plaintiffs are). Defendant has no obligation to disclose its legal theories as to what constitutes "outside work" under the collective bargaining agreements at issue in this case.

**8. Interrogatory Number Thirteen**

State the factual basis for each of your denials to the Complaint.

Answer: The factual allegations in the Complaint are not true.

Plaintiff complains that Defendant's answer does not identify the facts in the Complaint that are true, and those that are false. The example Plaintiff uses to bolster this argument – Defendant's response to Paragraph two (2) of the Complaint – is ill-conceived. Defendant has no obligation under the applicable rules of pleading to do more than deny those facts of which it has knowledge, and identify those facts as to which it has insufficient information to admit or deny. This is precisely what the Defendant did in this case. The basis for Defendant's denials of facts alleged in the Complaint is that those facts are not true. No further response is required.

Respectfully submitted,

Thomas J. McAndrew & Associates

/s/ Thomas J. McAndrew

Thomas J. McAndrew, Esq. (# 1001)
One Turks Head Place, Suite 205
Providence, RI 02903
401.455.0350
401.455.0882 (fax)
tmcandrew@tjmcandrewlaw.com

**CERTIFICATION**

I hereby certify that on the 7th day of March, 2007, I delivered a true and accurate copy of the within pleading via ECF to the following:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Ste. C
North Kingstown, RI 02852

/s/ Thomas J. McAndrew