**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND, Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | |
| v. | : | C.A. No. 06-339ML |
| MODERN INDUSTRIES, INC. *Defendant*. | : | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby propound the following interrogatories upon Defendant to be answered separately and fully in writing, in accordance with the following definitions and instructions and under oath, within thirty (30) days of the date of service hereof, and to be delivered to Elizabeth Wiens, Esq., GURSKY LAW ASSOCIATES, 420 Scrabbletown Rd., North Kingstown, R.I. 02852.

Definitions and Instructions

A. These interrogatories are continuing in nature and require timely supplementation should additional information be obtained between the time of answering and the time of trial.

B. The terms "Defendant" and "you" shall refer to Defendant Modern Industries, Inc., its agents, representatives, and all other persons acting or purporting to act on Defendant's behalf or under its direction or control.

C. The term "document" shall include any recordings, writings, drawings, charges, photographs, memoranda, notes or other data compilations, or any other tangible thing, however produced or reproduced, of any type or nature whatsoever, which is or was in the possession or control of Defendant, its agents, employees or attorneys, or which has been, or is to be, used in reference to this lawsuit or the investigation of matters referred to in this lawsuit. The term "document" specifically includes, but is not limited to, notes, minutes, tapes, memoranda, reports, correspondence, letters, or any other tangible thing within the scope of Rule 34(a) of the Federal Rules of Civil Procedure.

D. To "identify" or state the "identity" of a document (as hereinabove defined), communication, or any other thing means to state its type (e.g., letter, memorandum, note, etc.), or otherwise describe it, including but not limited to, its date, author, recipient and number of pages or, if the above information is not available, some other means of describing it and its location. If any such document, communication or things was, but is no longer in Defendant's possession or control, or in existence, state whether it is (1) missing or lost; (2) has been destroyed; (3) has been transferred to others; or (4) otherwise disposed of; and in each instance explain the circumstances surrounding the disposition thereof and the approximate date of disposition.

E. To "describe," "state," and "explain" means to relate as completely as possible each and every fact, act, omission, incident, event, condition, circumstance, or

thing relating directly or indirectly to the subject matter of the description, including but not limited to, all pertinent dates, all documents related directly or indirectly thereto, all communication directly or indirectly related thereto, all persons related directly or indirectly thereto, and all locations applicable to all events, incidents, conditions, circumstances, or things directly or indirectly related thereto.

F. The term "date" means the exact day, month, and year, if ascertainable, or if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

G. The term "outside carpenter" refers to an individual who performs outside construction and erection work, as referenced in Article XVI of the Collective Bargaining Agreement between Modern Industries and New England Regional Council of Carpenters Local Union 94.

H. The term "outside construction" means the work referred to in Article XVI of the Agreement between Modern Industries and New England Regional Council of Carpenters Local Union 94.

I. If any information is withheld on the asserted grounds that it is subject to a claim of privilege, confidentiality, or for any other reason, state the reason for withholding the information or documents, identify the privilege or rule upon which this claim is based, and set forth the facts upon which the claim is based in sufficient detail to permit the formation of a judgment as to the basis and validity of the claim.

J. Unless otherwise noted, these interrogatories cover the period of January 1, 2000 through the present.

Interrogatories

1. Identify the person or persons who assisted in answering these interrogatories and all persons who were consulted in answering these interrogatories, listing which interrogatories each consulted or assisted in answering and what information they provided in answering any of these interrogatories. For each of these persons, give their names and addresses.

2. State the names and addresses of each and every person whom you intend to call as a witness, and state the substance of what each witness is expected to testify about at a trial on the merits.

3. Identify by sufficient description to support a request for production of documents any and all written records, recordings or documents that were used to assist you in answering these interrogatories.

4. State whether you have consulted, engaged or otherwise obtained the assistance of any expert with respect to any of the issues in this case, and if so, as to each such expert state:

a. his or her name, home address, business address, occupation;

b. his or her educational background, including schools, colleges, universities attended, and as to each the certificate or degree thereof;

c. his or her employment history, giving the names of his or her employers, the nature of his or her employment and the dates of employment;

d. the field of his or her expertise, and a description of the license or licenses with respect thereto, including the period of his license and the names of the issuing officer or agency;

e. the name and address of each professional society or organization of which he or she is a member;

f. a description of each publication or professional writing, if any, of such expert, giving the date and place of publication;

g. the subject matter on which the expert is expected to testify, including the substance of the fact and opinions and a summary of the grounds for each opinion; and

h. a description and date of each written report prepared by each expert to include the name and address of the person having present custody or control of such report.

5. State whether Defendant is a party to any written agreements with the New England Regional Council of Carpenters' Local 94. If so, state the terms of such agreement(s).

6. State whether Defendant has engaged in any outside construction for the period of June 1, 1996 to the present, identifying

a. the exact dates and hours when the work was performed;

b. the names, addresses and union affiliation of any individual performing the work;

c. the exact work that was performed, i.e. what was fabricated, installed, etc.;

d. the address where the work was performed;

e. the name and address of the general contractor on each job where outside construction work was performed.

7. If Defendant's answer to Request for Admissions number 2 is anything but an unqualified admission, state particularly why Defendant does not have to submit contributions to the Funds.

8. If Defendant's answer to Request for Admissions number 4 is anything but an unqualified admission, please state particularly the amount of contributions Defendant submitted to the Funds for the each month, when such payment was made, and how Defendant calculated the amount to be contributed to the Funds.

8. If Defendant's answer to Request number 5 is anything but an unqualified admission, please state, particularly and in detail, the substance of Defendant's argument(s) to the National Labor Relations Board regarding any controversy with Local 94, describing the nature and outcome of the controversy and identifying all documents Defendant used, referred to, submitted to the NLRB or relied on in support of its arguments.

9. Identify any and all contracts between Defendant and any other party whereby Defendant was to perform outside construction work during the relevant period. With respect to each such contract, identify when and where the "outside construction" work was performed and the name and address of the individuals who performed the work.

10. State particularly all types of work that you perform, identifying which type of work is considered "outside construction" within the meaning of the parties collective bargaining agreement. For all type of work you contend is not outside construction, please state particularly and in detail why said work is not "outside construction."

11. State the factual bases for each of your denials to the Complaint.

12. State the factual bases of each of the Affirmative Defenses stated in your Answer.

13. State the factual bases for paragraphs six, seven, eight, and nine of your Counterclaim against Plaintiffs.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorney,

______________________________

Elizabeth A. Wiens, Esq.#6827
Gursky Law Associates
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel (401)294-4700
Fax (401)294-4702

Certificate of Service

I hereby certify that I caused a copy of the foregoing to be mailed via first class mail this __ day November, 2006 to Thomas J. McAndrew, Esq., One Turks Head Place, Suite 205, Providence, RI 02903.

__________________________