**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND, Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs,* | : | |
| v. | : | C.A. No. 06-339ML |
| MODERN INDUSTRIES, INC. *Defendant*. | : | |

**PLAINTIFFS' MOTION TO STRIKE OBJECTIONS AND COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Now come Plaintiffs, through counsel, and hereby move this Court for an Order striking Defendant's Objection to Plaintiffs' Interrogatories and compelling Defendant to provide more responsive answers to Plaintiffs' Interrogatories within twenty days from hearing on this motion. In support thereof, Plaintiffs submit the accompanying Memorandum of Law.

Plaintiffs state that a good faith effort to resolve this discovery dispute with Defendant has been made.

Respectfully submitted,

On behalf of Plaintiffs,
By their attorney,

/s/ Elizabeth A. Wiens________
Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel.(401) 294-4700
Fax (401) 294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Motion and Memorandum on February 22, 2007. The Motion and Memorandum are available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Thomas J. McAndrew, Esq.
One Turks Head Place
Suite 205, Providence, RI 02903

/s/ Elizabeth A. Wiens

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND, Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | |
| v. | : | C.A. No. 06-339ML |
| MODERN INDUSTRIES, INC. *Defendant*. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE OBJECTIONS AND COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Plaintiffs move this Honorable Court for an order striking Defendant's Objections and compelling Defendant to provide more responsive answers to Plaintiff's Interrogatories within twenty (20) days. The arguments in support of this motion are set out after each interrogatory and answer. Plaintiffs' Interrogatories are attached hereto as Exhibit 1. Defendant's Answers are attached hereto as Exhibit 2. Plaintiffs' Request for Admissions are attached hereto as Exhibit 3 and Defendant's Answers to Plaintiffs' Request for Admissions are attached hereto as Exhibit 4.

**DEFENDANT'S GENERAL OBJECTIONS:** The following objections apply to all Interrogatories. Defendant objects to Plaintiffs' Interrogatories to the extent that they seek to impose upon John/Jane Doe obligations or burdens which are greater than, or inconsistent with, Rule 33 of the applicable Rules of Civil Procedure. Defendant objects generally to Plaintiffs' Interrogatories on the grounds that they are overly broad and burdensome. Defendant has made

a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, or for a protective order as to, all of Plaintiffs' Interrogatories. The following responses and objections are based upon information now known. Defendant has not yet completed discovery or preparation for trial in the action and, therefore, will supplement these responses and objections to the extent required by the applicable Rules of Civil Procedure. Without waiving these objections and by way of response, Defendant provides the following responses.

**PLAINTIFFS' RESPONSE TO GENERAL OBJECTIONS:** Plaintiffs move that Defendant's "General Objection" be stricken on the ground that they do not comply with the applicable rules of Civil Procedure. "Objections to interrogatories should be sufficiently specific such that a court may, in considering such objections with interrogatory propounded, ascertain therefrom their claimed objectionable character; *general objections to interrogatories are not proper*." See Commentary 92 to Federal Rule of Civil Procedure 33, quoting Bowles v Safeway Stores, Inc. 4 FRD 469 (D.C.Mo. 1945) (emphasis added). See also Woods v Kornfeld, 9 FRD 196 (D.C.Pa 1949) (objections to interrogatories should be sufficiently specific so that court may ascertain therefrom their claimed objectionable character; general objections to interrogatories are not proper and should not be offered); Apco Oil Corp. v Certified Transp., Inc., 46 FRD 428 (D.C.Mo. 1969) (Objections to interrogatories must be specific and supported by detailed explanation why interrogatories or class of interrogatories are objectionable; general objections to interrogatories are not sufficient); Momah v Albert Einstein Medical Ctr., 164 FRD 412 (E.D.Pa. 1996) (Mere recitation of familiar litany that interrogatory is overly broad, burdensome, oppressive and irrelevant does not suffice as specific objection.); Burns v Imagine Films Entertainment, 164 FRD 589 (W.D.N.Y. 1996) (Objection which states that interrogatory is overbroad, vague and unduly burdensome is not sufficiently specific to allow court to ascertain claimed objectionable character of interrogatory; objection must be specific and supported by detailed explanation of why interrogatories are objectionable.); Coregis Ins. Co. v Baratta &

Fenerty, Ltd., 187 FRD 528 (E.D.Pa. 1999) (Objections should be plain and specific enough so that court can understand in what way interrogatories are alleged to be objectionable.).

Moreover, "the unilateral declaration that no objections are waived will not be allowed to displace command of Rule 33 that party either answer fully or object." See Commentary to Federal Rule of Civil Procedure 33, quoting Dollar v Long Mfg., N. C., Inc., 561 F2d 613 (5th Cir. 1977), 2 Fed Rules Evid Serv 760, cert den 435 US 996 (1978).

For the foregoing reasons, Defendant's General Objections must be overruled.

**INTERROGATORY NO. 6:** State whether Defendant has engaged in any outside construction for the period of June 1, 1996 to the present, identifying

a. the exact dates and hours when the work was performed;
b. the names, addresses and union affiliation of any individual performing the work;
c. the exact work that was performed, i.e. what was fabricated, installed, etc.;
d. the address where the work was performed;
e. the name and address of the general contractor on each job where outside construction work was performed.

**ANSWER:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defendant of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Defendant has engaged in outside construction since 2004 as evidence by documents produced in response to Plaintiffs' production request. Prior to that time, the Defendant does not maintain records of work performed, whether inside or outside. Documents produced incorporate all available data concerning inside and outside construction as requested in this Interrogatory.

**PLAINTIFFS' ARGUMENT:** Defendant's objection must be stricken as it fails to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." See F.R.C.P. 26(b)(5). "Objections to interrogatories must be specific and be supported by detailed explanation as to why interrogatories or class of interrogatories is objectionable." United States v 58.16 Acres of Land,

66 FRD 570(ED Ill 1975). Accordingly, because Defendant has claimed that the requested answers are privileged but did not state why such materials were subject to any privilege, Defendant's should be stricken. Id.

Moreover, Defendant has failed to answer the interrogatory. Plaintiffs requested that Defendant indicate which work performed was "outside construction" within the meaning of the collective bargaining agreement. One of the main issues in the case is whether Defendant made contributions to the Benefit Funds based on each hour of outside construction worked. Accordingly, in order to determine whether the proper contributions were made, Plaintiffs need to know 1) what type of work was performed, i.e. whether it was "inside work" or "outside work" 2) how may hours were spent performing said "outside work," and 3) when said "outside work" was performed (for purposes of calculating interest). Additionally, to the extent there is a dispute as to which type of work was performed, and whether that work constitutes "outside construction," Plaintiffs require information regarding the locations of, and general contractors on, the various jobs. It is insufficient for Defendant to respond to this interrogatory by merely referring to hundreds of pages of documents it produced. See Fed. R. Civ. P. 33(b) and (d).

**INTERROGATORY NO. 7:** If Defendant's answer to Request for Admissions number 2 is anything but an unqualified admission, state particularly why Defendant does not have to submit contributions to the Funds.

**ANSWER:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Without waiving such objection or the General Objections, Defendant responds as follows: Any obligation that Defendant might have had under any written contract was waived by agreement of the parties. When Defendant's employees performed outside construction, such employees were paid the "outside construction" rate. It was agreed between Union officials and the Defendant that payment of the outside rate for such work to Defendant's employees would constitute full and complete compliance with all obligations under the Collective Bargaining Agreement in effect at the time, and the course of dealings between the Defendant and the Union discloses that the Union acquiesced in this practice throughout the entire term of the Collective Bargaining Agreement.

**PLAINTIFFS' ARGUMENT:** Defendant's objection must be stricken as it fails to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." See F.R.C.P. 26(b)(5).

**INTERROGATORY NO. 8**: If Defendant's answer to Request for Admissions number 4 is anything but an unqualified admission, please state particularly the amount of contributions Defendant submitted to the Funds for the each month, when such payment was made, and how Defendant calculated the amount to be contributed to the Funds.

**ANSWER:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Without waiving such objection or the General Objections, records showing contributions submitted to the Funds for each moth during which contributions were submitted have been produced as part of this Defendant's response to Plaintiffs' request for documents in this matter.

**PLAINTIFFS' ARGUMENT:** Defendant's objection must be stricken as it fails to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." See F.R.C.P. 26(b)(5).

**INTERROGATORY NO. 9**: If Defendant's answer to Request number 5 is anything but an unqualified admission, please state, particularly and in detail, the substance of Defendant's argument(s) to the National Labor Relations Board regarding any controversy with Local 94, describing the nature and outcome of the controversy and identifying all documents Defendant used, referred to, submitted to the NLRB or relied on in support of its arguments.

**ANSWER**: Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Defendant also objects to this Interrogatory to the extent that it requests the Defendant to produce documents that are part of the public record or already in the possession of the Plaintiff and, therefore, are as available to the Plaintiff as to the Defendant. Without waiving any objection, Defendant responds as follows: in the referenced National Labor Relations Board action, the Defendant asserted that it was a Section 8(f) employer, not a Section 9 employer, for representational purposes only. The National Labor Relations Board agreed with the Defendant's position on this issue. Defendant objects to responding further, because all documents submitted to the National Labor Relations Board in

connection with that controversy are public records and are as available to the Plaintiff as they are to the Defendant.

**PLAINTIFFS' ARGUMENT:** Defendant's objection must be stricken as it fails to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." See F.R.C.P. 26(b)(5). Its objection regarding the availability of the documents should be overruled for several reasons: First, the Interrogatory does not request that Defendant produce documents, but rather asks it to identify "the *substance of Defendant's argument(s)* to the National Labor Relations Board regarding any controversy with Local 94, describing the nature and outcome of the controversy and *identifying all documents Defendant used, referred to, submitted to the NLRB or relied on in support of its arguments*." (Emphasis added). Defendant has failed to identify which documents it used, referred to, submitted to the NLRB or relied on in support of its arguments.

Second, the fact that the information sought is a matter of public record does not render the interrogatory objectionable. Rogers v Tri-State Materials Corp., 51 FRD 234 (N.D.W.Va 1970). Plaintiffs have no obligation to submit a request to the NLRB, await the Board's response and submit payment for copying and retrieval costs. See Canuso v Niagara Falls, 4 FRD 362 (D.C.N.Y. 1945)(In action to recover on a construction contract with a city, the fact that the contract, agreements, and regulations referred to in interrogatories were public records would not cause the court to overrule the interrogatories.); Anderson v United Air Lines, Inc., 49 FRD 144 (S.D.N.Y. 1969) (Interrogatories are not objectionable merely because they seek information which is matter of public record.); Riordan v Ferguson,( D.C.N.Y. 1942) 2 FRD 349

(Interrogatories may seek information which is of public record and which may be obtained by the defendant.).

Third, because Defendant has not identified the relevant documents, it is impossible to determine whether any of the documents referred to in this Interrogatory are in Plaintiffs' possession. However, given that Plaintiffs were not a party to the action before the NLRB, it is unlikely that said documents are in their possession.

Finally, "Objections to interrogatories on [the] ground that the information sought is within the knowledge of the interrogating party is improper and without merit." Woods v Kornfeld, 9 FRD 196 (D.C. Pa 1949). See also Grand Opera Co. v Twentieth Century-Fox Film Corp., 21 FRD 39 (D.C. Ill 1957) (Fact that information sought is within the knowledge of the inquiring party is not ground for sustaining objections to interrogatories); United States v Beatrice Foods Co., (D.C. Minn. 1971) (It is well established that party propounding interrogatories may indeed submit interrogatories covering matters within its knowledge.); Erone Corp. v Skouras Theatres Corp., 22 FRD 494 (S.D.N.Y. 1958) (A party may propound interrogatories calling for the disclosure of the opposing party's specific position as to the facts underlying his claim, notwithstanding that such facts, divorced from their application to the legal principles governing the case, may already be known or accessible to the propounding party.); Novak v Good Will Grange, 28 FRD 394 (D.C. Conn. 1961).

The purpose of this Interrogatory is to narrow the issues and enable Plaintiffs to determine what they will have to meet at trial; accordingly, "it is permissible to inquire into matters already within the interrogating party's own knowledge or as to the adverse party's contentions or as to his mental operation in respect to relevant issues; thus by interrogatories, one

may obtain admissions from an adverse party." Stonybrook Tenants Ass'n v Alpert, (DC Conn. 1961). See also United States v. An Article of Drug, 43 FRD 181 (D.C.Del. 1967).

**INTERROGATORY NO. 10:** Identify any and all contracts between Defendant and any other party whereby Defendant was to perform outside construction work during the relevant period. With respect to each such contract, identify when and where the "outside construction" work was performed and the name and address of the individuals who performed the work.

**ANSWER:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Without waiving objection, see documents produced in response to Plaintiff's request for document production.

**PLAINTIFFS' ARGUMENT:** Defendant's objection must be stricken as it fails to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." See F.R.C.P. 26(b)(5). Moreover, Defendant has failed to identify when and where the "outside construction" work was performed and the name and address of the individuals who performed the work. Plaintiffs' Complaint alleges that Defendant failed to submit contributions for all hours of "outside construction" work performed. Accordingly, Plaintiffs must know what type of work Defendant considers "outside construction," who performed the work and how many hours were spent performing said work in order to calculate their damages.

**INTERROGATORY NO. 11:** State particularly all types of work that you perform, identifying which type of work is considered "outside construction" within the meaning of the parties collective bargaining agreement. For all type of work you contend is not outside construction, please state particularly and in detail why said work is not "outside construction."

**ANSWER:** Defendant objects to this Interrogatory as seeking information obtained in the process of preparing the defense of this litigation, and which is protected by the attorney client privilege and/or the attorney work product doctrine. Defendant further objects to this Interrogatory as being so vague and ambiguous as to render it incapable of being understood. Without waiving objection, Defendant states that it is engaged in the construction industry, and that the "type of work" that it performs is commercial and residential construction. When such

construction meets the definition of "outside construction" as that term is used in the relevant Collective Bargaining Agreement, the employer considers it to be outside construction, subject to the agreement referenced in previous Interrogatory answers concerning the manner of payment of Modern Industries employees for outside construction work.

**PLAINTIFFS' ARGUMENT:** Defendant's objection must be stricken as it fails to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." See F.R.C.P. 26(b)(5). Further, Defendant has not indicated how the Interrogatory is "so vague and ambiguous as to render it incapable of being understood."

Additionally, Defendant's Answer is deficient. It defines "outside construction" as work the employer considers to be outside construction. As indicated above, Plaintiffs allege that contributions have not been paid for "outside construction" work performed. Plaintiffs seek information that would enable it to determine if there is a dispute regarding what type of work is considered "outside construction."

**INTERROGATORY NO. 13:** State the factual bases for each of your denials to the Complaint.

**ANSWER:** The factual allegations in the Complaint are not true.

**PLAINTIFFS' ARGUMENT:** Defendant's Answer is insufficient in that it does not specify what facts in the Complaint are not true and the facts upon which it bases its denial. For example, Paragraph 2 of the Complaint alleges that the Plaintiffs are jointly-administered employee labor-management trust funds established and maintained pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and in accordance with Agreements and Declarations of Trust ("Trust Agreements"). Defendant has not indicated which part of that allegation it denies (e.g. that the Funds are jointly-

administered, that they are established and maintained pursuant to a collective bargaining agreement), and what facts support its denials.

Respectfully submitted,

On behalf of Plaintiffs,
By their attorney,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel.(401) 294-4700
Fax (401) 294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Motion and Memorandum on February 22, 2007. The Motion and Memorandum are available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Thomas J. McAndrew, Esq.
One Turks Head Place
Suite 205, Providence, RI 02903

/s/ Elizabeth A. Wiens