UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, et al. | : | |
| v. | : | C.A. No. 06-339ML |
| MODERN INDUSTRIES, INC. | : | |

**MEMORANDUM AND ORDER**

Before this Court for determination is Plaintiffs' Motion to Strike Objections and Compel More Responsive Answers to Interrogatories. (Document No. 13). A hearing was held on April 9, 2007. After reviewing the parties' written submissions and considering the arguments made at the hearing, Plaintiffs' Motion is resolved as follows:

1. Plaintiffs' Motion to Strike Defendant's "General Objections" to Plaintiffs' First Set of Interrogatories is GRANTED by agreement of Defendant.

2. Plaintiffs' Motion to Strike Defendant's general privilege objections is DENIED in view of Defendant's agreement to produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A) within twenty days.

3. Interrogatories 6 and 10. Defendant shall supplement its answers to specify the particular records from which Plaintiffs may derive or ascertain a response. As required by Fed. R. Civ. P. 33(d), such "specification shall be in sufficient detail to permit [Plaintiffs] to locate and to identify, as readily as can [Defendant], the records from which the answer may be ascertained."

4. Interrogatories 7 and 8. Plaintiffs' only argument relates to Defendant's failure to produce a privilege log. Such argument is resolved by paragraph 2 above.

5. Interrogatory 9. To the extent Defendant objects on privilege grounds, it shall produce a privilege log as provided in paragraph 2 above. Defendant also objects on the grounds that the interrogatory seeks documents "that are part of the public record or already in the possession of the Plaintiff and, therefore, are as available to the Plaintiff as to the Defendant." First, it does not appear that any of the Plaintiffs in this case, labor-management benefit trust funds, were a party to the NLRB proceeding in question, and Defendant offers nothing to support its contention that any of the Plaintiffs are in possession of responsive documents. Second, Defendant offers no support for its proposition that it is relieved of discovery obligations simply because the information may also be contained in a public record. Defendant shall, within twenty days, supplement its answer pursuant to Fed. R. Civ. P. 33(d) by producing responsive, non-privileged documents.

6. Interrogatory 11. In response to Interrogatory No. 7, Defendant asserts that when its employees "performed outside construction," they were paid the "outside construction" rate and Defendant was otherwise excused from other obligations connected to such work by agreement or acquiescence. Defendant also states in response to Interrogatory No. 11 that when its work meets the definition of "outside construction," the employees performing such work are paid "subject to the agreement referenced in previous Interrogatory answers concerning the manner of payment of [Defendant's] employees for outside construction work." Thus, since Defendant applies an agreed "manner of payment" for "outside construction" work, it must have a position as to what type of work it considers to be "outside construction" work and it shall outline its position in a supplemental response to Interrogatory No. 11. See Fed. R. Civ. P. 33(c).

7. Interrogatory 13. Plaintiffs' Motion is DENIED. Defendant has responded that its denials are based on the fact that Plaintiffs' allegations are "not true." Thus, Defendant's answer

is technically responsive to Plaintiffs' general request. Further, it appears from Plaintiffs' Memorandum that their objection is focused more on the argument that the form of Defendant's original Answer to their ERISA Complaint does not comply with Fed. R. Civ. P. 8(b) rather than a discovery dispute properly resolved under Fed. R. Civ. P. 37.

**Conclusion**

Plaintiffs' Motion to Strike and Compel (Document No. 13) is GRANTED in part and DENIED in part as specified herein.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 9, 2007