**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND, Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs,* | : | |
| v. | : | C.A. No. 06-339ML |
| MODERN INDUSTRIES, INC. *Defendant*. | : | |

**PLAINTIFFS' PRETRIAL MEMORANDUM**

Plaintiffs Rhode Island Carpenters Annuity Fund, et. al., by and through their undersigned counsel, submit the following pretrial memorandum:

**A. CLAIMS**

This action arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq. Plaintiffs seek enforcement of Defendant's obligations under a collective bargaining agreement ("CBA") with the Rhode Island Carpenters ("Union") to make contributions to the Rhode Island Carpenters Annuity Fund ("Annuity Fund"), Rhode Island Carpenters Pension Fund ("Pension Fund"), Rhode Island Carpenters Vacation Fund ( "Vacation Fund"), and Rhode Island Carpenters Health Fund, employee benefit plans within the meaning of Sections 3(1) and 3(2) of ERISA, 29 U.S.C. §1002(1)&(2).

Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), authorizes a civil action to enforce the contribution requirement of Section 515 of ERISA, 29 U.S.C. §1145. Plaintiffs seek to

collect unpaid contributions, interest, and penalties, as well as the attorneys' fees and costs expended in prosecuting this action, as authorized under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

The elements of a claim under Section 515 of ERISA, 29 U.S.C. §1145, are (1) Defendant is obligated to make contributions to a multi-employer plan under the terms of an agreement; and (2) Defendant has not made such contributions.

In support of their claims, Plaintiffs intend to prove the following:

1. Defendant is a party to a collective bargaining agreement ("CBA") with the Carpenters Union Local 94 ("Local 94") which obligates Defendant to make contributions to the Rhode Island Carpenters Benefits Funds.

2. Pursuant to that CBA, Defendant is obligated to submit contributions to the Funds on behalf of all employees who performed "outside construction."

3. "Outside construction" means any work covered by the CBA that is performed outside the shop.

4. For the period of 1996 through the present, Defendant has performed "outside construction."

5. For the period of 1996 through the present, Defendant failed to submit appropriate contributions to the Funds for hours spent performing such "outside construction."

6. Defendant failed to maintain records indicating the number of hours of covered work performed for the period of 1996 through April 2006.

7. Defendant paid a higher rate to employees when they performed "outside construction" than when they performed shop work.

8. Payroll records for the period of January 2004 through April 2006 indicate that approximately 3994.15 hours were paid at the higher "outside rate."

9. For the period of January 2004 through April 2006, Defendant owes contributions to the Funds for 3994.15 hours of outside construction performed. See Exhibit 1, attached.

10. The hourly contribution rates for the Rhode Island Carpenters Benefit Funds are as follows:

January 1, 2004 through May 31, 2004: $13.95

June 1, 2004 through May 31, 2005: $14.95

June 1, 2005 through May 31, 2006: $15.70

11. Contributions owed for the period of January 3, 2004 through April 22, 2006 are in the amount of $59,117.79. See Exhibit 2, attached.

12. Pursuant to the Trust Agreements, interest on delinquent contributions is calculated as follows:

> interest on any amount less than 3 months in default from the date the payment was due to the date it is paid at an annual rate equal to the annual prime rate charged by [BANK OF AMERICA] on the first day of the calendar quarter preceding the due date of the payment, provided that if an amount is in default for greater than 3 months, then for each succeeding 3-month period (or part thereof) that any amount in default remains unpaid, interest shall be payable on the unpaid balance (including accrued interest) at the prime rate in effect on the quarter-anniversary date of the date as of which the initial interest rate was determined.

13. Interest owed on contributions due during the period of January 3, 2004 through April 22, 2006 is in the amount of $8,320.36. See Exhibit 3, attached.

14. Pursuant to ERISA and the Trust Agreements, Plaintiffs are entitled to receive a 20% penalty on all delinquent contributions.

15. Penalties owed on contributions due during the period of January 3, 2004 through April 22, 2006 are in the amount of $11,823.56.

16. Defendant failed to maintain any payroll records prior to January 1, 2004.

17. Defendant performed outside construction prior to 2004.

18. Because Defendant did not maintain any payroll records prior to 2004, Plaintiffs have estimated the number of hours of outside construction worked utilizing the average of outside hours worked in 2004, 2005 and 2006.

19. Based on Plaintiffs' estimation, Defendant's employees performed 9,319.68 hours of outside construction during the period of 1996-2003.

20. Plaintiffs utilized the rate of $10.00 per hour, which amount represents the average hourly contribution rate during the period of 1996 through 2003, in determining contributions owed.

21. For the period of 1996 through 2003, Defendant owes contributions in the amount of $93,196.83. See Exhibit 2.

22. Plaintiffs calculated interest by utilizing the current prime interest rate set by Bank of America. The interest was calculated from the year 2003 to the present.

23. Interest on contributions owed for the period of 1996-2003 in is the amount of $28,891.02. See Exhibit 2.

24. Penalties owed on contributions owed for the period of 1996-2003 are in the amount of $18,639.37. See Exhibit 2.

25. Excluding attorneys' fees, Plaintiffs have incurred damages in the amount $219,988.93 in unpaid contributions, interest and penalties. See Exhibit 2.

**B. <u>MEMORANDUM OF SUPPORTING LAW</u>**

**1. DEFENDANT HAS AN OBLIGATION TO CONTRIBUTE TO THE RHODE ISLAND CARPENTERS BENEFIT FUNDS ON BEHALF OF ALL INDIVIDUALS PERFORMING "OUTSIDE CONSTRUCTION"**

Defendant Modern Industries Inc. ("Modern Industries") is bound to an agreement with the New England Regional Council of Carpenters Local Union 94 ("Local 94"). This agreement contains a clause which obligates Modern Industries to abide by an agreement between Local 94 and the Labor Relations Division of the Associated General Contractors of Rhode Island, Inc. ("AGC Agreement") when performing outside construction work. The evidence establishes that Modern Industries performed outside construction work but did not abide by the AGC Agreement. The AGC Agreement requires, among other things, that Modern Industries make fringe benefit contributions on behalf of its employees and subcontractors performing outside construction.

**2. DEFENDANT'S FAILURE TO SUBMIT CONTRIBUTIONS TO THE FUNDS VIOLATES ERISA**

The elements of a claim under Section 515 of ERISA, 29 U.S.C. §1145, are (1) Defendant is obligated to make contributions to a multi-employer plan under the terms of an agreement; and (2) Defendant has not made such contributions. Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), authorizes a civil action to enforce the contribution requirement of Section 515 of ERISA, 29 U.S.C. §1145. In an action to collect delinquent contribution pursuant to 29 U.S.C. §1132, if Plaintiffs prevail, they are entitled to the unpaid contributions, as well as interest, penalties, and the attorneys' fees and costs expended in prosecuting the action.

**3. DEFENDANT'S FAILURE TO MAINTAIN RECORDS DOES NOT ABSOLVE IT OF ITS DUTY TO SUBMIT CONTRIBUTIONS**

"An employer cannot escape liability for his failure to pay his employees the wages and benefits due to them under the law by hiding behind his failure to keep records as statutorily required." *See Michigan Laborers' Health Care Fund v. Grimaldi Concrete*, 30 F.3d 692, 697 (6th Cir. 1994). Rather, under ERISA, the failure to maintain proper records shifts the burden to the Employer to prove the number of hours of covered work. *Id.* at 696. Thus, because Defendant's records are incomplete, the Funds "may estimate the amount of contributions due based on any available evidence, and the burden of proof shall shift to [Defendant], to prove the actual amount of contributions owed to the Funds." *Trs. of Detroit Carpenters Health & Welfare Fund v. River City Constr. Co.*, 99 Fed. Appx. 612 (6th Cir. 2004).

According to the plain language of the statute, Section 1059 imposes a clear duty on an employer to maintain adequate records, "a duty of responsibility and record keeping on employers with respect to all employees who are participants in an employee benefit plan." *Central States Pension Fund v. Central Transport, Inc.*, 698 F.2d 802, 805 (1983), *rev'd on other grounds*, 472 U.S. 559 (1985). In *Central Transport, Inc.*, 472 U.S. at 573, the Supreme Court stated that the section "requires employers to maintain records on employees and to furnish to benefit plans the information needed for the plans' fulfillment of their reporting duties." The Ninth and Eleventh Circuits have made similar declarations. *See Operating Engineers Pension Trusts v. B&E Backhoe*, 911 F.2d 1347, 1354 (9th Cir. 1990); *Brick Masons Pension Trust v. Industrial Fence and Supply*, 839 F.2d 1333, 1337-38 (9th Cir. 1988); *Combs v. King*, 764 F.2d 818, 823 (11th Cir. 1985).

In *Operating Engineers* and *Brick Masons*, the Ninth Circuit relied on the Eleventh

Circuit's disposition in *Combs* in holding that an employer's failure to maintain adequate records shifts the burden to the employer to prove that the work performed was covered or not covered. *Operating Engineers*, 911 F.2d at 1354; *Brick Masons*, 839 F.2d at 1337-39; *Combs*, 764 F.2d at 826 (an employer's failure to maintain records under ERISA shifts the burden "to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the [plaintiff's] evidence" in order to avoid a finding that the employer violated its statutory record-keeping duty) (*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) (emphasis added) (applying this approach in a Fair Labor Standards Act context)).

Likewise, in *Michigan Laborers' Health Care Fund v. Grimaldi Concrete*, 30 F.3d 692, 697 (6th Cir. 1994), Grimaldi Concrete provided no records at all with respect to 80% of the work performed under the collective bargaining agreement, and provided incomplete records with respect to the remaining 20%. The Court held that Grimaldi Concrete failed to maintain adequate records as required by Section 1059. “The burden thus shifted to Grimaldi to prove what work was covered and what was not covered.”

Grimaldi Concrete claimed that the invoices it produced for 20% of its work, and the uncontradicted testimony of Rocco Grimaldi that covered work took roughly the same amount of time to complete as work not covered by the agreement, were sufficient to show that 11% of its total work was covered under the collective bargaining agreement. The Court disagreed.

> The collective bargaining agreement requires a calculation of benefits owed based on the precise number of hours worked by properly classified laborers on covered projects. The information produced by Grimaldi Concrete clearly does not set forth the hours worked on covered projects, nor does it specify which laborers were working on those projects. In addition, it would be an exercise in pure speculation to attempt to ascertain from this information, and the limited inferences that can be drawn from it, the portion of the remaining 80% of work

> for which no records at all are available that constituted covered work. Grimaldi Concrete's information is thus insufficient to meet its burden of proof on the amount of covered work performed. *See Operating Engineers*, 911 F.2d at 1354 (employer does not meet burden of proof if it does not come forward with evidence of the number of hours spent performing covered work) (*citing Brick Masons*, 839 F.2d at 1338-39); *see also Combs*, 764 F.2d at 825 (same).

Grimaldi Concrete also argued that, in light of the Funds' failure to request regular reports and contributions, and the elapsed time between the period covered by the agreement and the filing of this lawsuit, it should not be required to have kept detailed records. Once again, the Court rejected Grimaldi's argument: "Section 1059 is couched in mandatory language, and does not require that plan administrators submit regular requests for reports and contributions. 29 U.S.C. §§ 1059, 1059(a)(1) (employer "shall . . . maintain records")."

The Court then discussed the appropriate penalty for an employer who fails to maintain records.

> In *Brick Masons*, on facts almost indistinguishable from those here, the Ninth Circuit held that because [the employer] violated its statutory duty under ERISA to keep accurate records and failed otherwise to come forward with any evidence of the extent of covered work performed by the [employees], the Trust Funds are entitled as a matter of law to recover contributions for all hours worked by these [employees] during the quarter in which they were shown to have performed some covered work for [the employer]. In so holding, the Ninth Circuit relied on *Combs*, as well as the Supreme Court's statement in Anderson that an "employer cannot be heard to complain that the damages lack the precision of measurement that would be possible had he kept records in accordance" with the Act. *Anderson*, 328 U.S. at 688; *Brick Masons*, 839 F.2d at 1338-39. In *Anderson*, the Supreme Court also emphasized that the fact of damage was certain, as in the present case, and that an employer should not be allowed to benefit from the violation of a statutory duty. *Anderson*, 328 U.S. at 688. As the Ninth Circuit observed, "an employer cannot escape liability for his failure to pay his employees the wages and benefits due to them under the law by hiding behind his failure to keep records as statutorily required." *Brick Masons*, 839 F.2d at 1338.

*Grimaldi Concrete*, 30 F.3d at 697. The Sixth Circuit agreed with the Ninth Circuit that, when an employer fails to maintain records, an employer is liable for contributions on all hours worked during a period in which it has been demonstrated that some covered work was performed. *Id.*

Here, Defendant has produced no payroll records for the years 1996-2003. Plaintiffs can prove that “outside construction” was performed during that period. Accordingly, "the [Fund] may estimate the amount of contributions due based on any available evidence, and the burden of proof shall shift to [Defendant] to prove the actual amount of contributions owed to the Funds." *See Trs. of Detroit Carpenters Health & Welfare Fund v. River City Constr. Co.*, 99 Fed. Appx. 612, 615 (6th Cir. 2004).

**4. MODERN INDUSTRIES’ DEFENSE IS WITHOUT MERIT**

Modern apparently claims that it had permission from Local 94 to violate both the CBA and the various Trust Agreements. First, Defendant’s claim is unfounded. No one in the Union absolved Defendant of paying employee benefits. Second, the Plaintiffs in this case are the Trustees and the Administrator of employee benefit funds. There has been no allegation that Plaintiffs entered into an agreement with Defendant absolving Defendant of its duty to pay contributions. It is well-settled that an agreement by a Union cannot bind a multi-employer benefits Fund. *See e.g. N.Y. State Teamsters Conference Pension & Retirement Fund v. UPS,* 382 F.3d 272, 275 (2d Cir. 2004) (Under Section 29 USC 1145, any unwritten understanding that allegedly limits an employer's contributions to a multiemployer benefit plan cannot supersede otherwise valid rules and regulations promulgated by the plan.)

Finally, federal law recognizes only two defenses to an ERISA action to collect delinquent contributions: (1) that the contributions themselves are illegal, *see Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 86-88 (1982), and (2) that the collective bargaining agreement is void

(not merely voidable). Compare *Operating Eng'rs Pension Trust v. Gilliam*, 737 F.2d 1501, 1503-05 (9th Cir. 1984) (employer who was not aware he was signing a collective bargaining agreement could raise defense), with *Southern California Retail Clerks Union and Food Employers Joint Pension Trust Fund v. Bjorklund*, 728 F.2d 1262, 1265-66 (9th Cir. 1984) (employer who knew he was signing collective bargaining agreement, but who was fraudulently induced to enter it, could not raise defense). Thus, "once an employer knowingly signs an agreement that requires him to contribute to an employee benefit plan, he may not escape his obligation by raising defenses that call into question the union's ability to enforce the contract as a whole." *Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310, 314 (2d Cir. 1990).

**C. TRIAL LENGTH**

Plaintiffs require up to a day to put on their evidence.

Respectfully submitted,

On behalf of Plaintiffs,
By their attorney,

/s/ Elizabeth A. Wiens________
Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel.(401) 294-4700
Fax (401) 294-4702

Certificate of Service

I hereby certify that I electronically filed the Pre-Trial Memorandum on October 17, 2007. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on Thomas J. McAndrew, Esq. has been effectuated by electronic means.

/s/ Elizabeth A. Wiens